UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY FEURTADO,

        Petitioner,

v.                                       CASE NO. 2:09-CV-14283
                                        HONORABLE VICTORIA A. ROBERTS
                                        UNITED STATES DISTRICT COURT

CHRISTOPHER ZYCH,

        Respondent,
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241

Anthony Feurtado, (petitioner), incarcerated at the Brooklyn Community Corrections Center in Brooklyn, New York, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges an amended judgment and commitment order issued on his sentence out of the U.S. District Court for South Carolina, for conspiracy to possess with intent to distribute and conspiracy to distribute cocaine and cocaine base and heroin, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846; and money laundering, in violation of 18 U.S.C. § 1956.[1]  For the reasons stated below, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is denied.

### I. Background

---

[1] Petitioner was incarcerated at the Federal Correctional Institution in Milan, Michigan when he filed this petition.  Therefore, the Court would have jurisdiction to hear his case.

Petitioner pleaded guilty to the above charges in the United States District Court for South Carolina. Petitioner was sentenced to concurrent terms of 270 months and 240 months in prison, followed by concurrent five-year and three-years terms of supervised release. Petitioner's conviction was affirmed on appeal, but his case was remanded for resentencing. *United States v. Feurtado,* 191 F. 3d 420 (4th Cir. 1999); *cert. den.* 529 U.S. 1102 (2000); *reh. den.* 530 U.S. 1297 (2000).

On January 6, 2000, Petitioner was resentenced to concurrent terms of 210 months and 180 months, followed by supervised release. Petitioner's new sentence was affirmed on appeal. *United States v. Feurtado,* 39 Fed. Appx. 812 (4th Cir. 2002); *cert. den.* 537 U.S. 986 (2002).

Petitioner subsequently filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. *Feurtado v. United States,* U.S.D.C. No. 3:03-2949-SB; 9:96-CR-325 (D.S.C. July 17, 2006); *appeal dism.* 232 Fed. Appx. 355 (4th Cir. 2007); *cert. den.* 128 S. Ct. 2070 (2008).

On December 12, 2007, the federal district court amended the judgment and commitment order, to reflect the date on which the offense that Petitioner was convicted of concluded. Petitioner was again sentenced to a total of 210 months in prison. *See United States v. Feurtado,* U.S.D.C. 9:96-CR-325 (D.S.C. December 12, 2007). [2] Petitioner's appeal was dismissed as untimely. *United States v. Feurtado,* 306 Fed. Appx.

---

[2] This Court obtained much of the information concerning Petitioner's case from the PACER system, which this Court is entitled to take judicial notice of. *See Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

2

809 (4th Cir. 2008); *cert. den.* ---- U.S.----; 2009 WL 3161949 (U.S. October 5, 2009).

Petitioner has now filed a petition for writ of habeas corpus, in which he claims that the amended judgment and commitment order entered by the United States District Court for South Carolina is null and void because it does not incorporate the factual findings and guideline application from the original pre-sentence report that was prepared in Petitioner's criminal case.

## II. Discussion

The petition for writ of habeas corpus must be dismissed because Petitioner challenges the imposition of his sentence by the United States District Court for South Carolina.

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate challenges the manner in which his or her sentence is executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998); *See also Hall v. Eichenlaub,* 559 F. Supp. 2d 777, 779-80 (E.D. Mich. 2008). However, a motion to vacate sentence under § 2255 is the proper avenue for relief when a federal inmate claims that his or her sentence was imposed in violation of the federal constitution or laws. *Capaldi*, 135 F. 3d at 1123.

A federal prisoner may bring a claim challenging his or her conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *Charles v. Chandler*, 180 F. 3d 753, 756 (6th Cir. 1999). Habeas corpus is not an

additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Id.* at 758; *Robinson v. Hemingway,* 175 F. Supp. 2d 915, 916 (E.D. Mich. 2001). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner. The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles v. Chandler,* 180 F. 3d at 756. Thus, the mere fact that the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) might prevent Petitioner from filing a second or successive motion to vacate or set aside the sentence, in the absence of newly discovered evidence or a new rule of constitutional law, would not render the remedy provided by such motion inadequate or ineffective to allow him to petition for habeas corpus relief under 28 U.S.C. § 2241. *Hervey v. United States*, 105 F. Supp. 2d 731, 733 (E.D. Mich. 2000). Similarly, a habeas petitioner's § 2255 remedy is not inadequate merely because the petitioner permitted the AEDPA's one year statute of limitations to expire. *Charles,* 180 F. 3d at 758.

      The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *United States v. Peterman*, 249 F. 3d 458, 461 (6th Cir. 2001).

To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence," to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Hervey,* 105 F. Supp. 2d at 733 (citing to *Charles v. Chandler,* 180 F. 3d at 757).

Petitioner cannot challenge the validity of the amended judgment and commitment order in a 28 U.S.C. § 2241 petition, because this involves an attack upon the imposition, as opposed to the execution, of his sentence. *See Lewis v. U.S.,* 50 Fed. Appx. 294, 295 (6th Cir. 2002); *See also Anderson v. Bureau of Prisons*, 200 Fed.Appx. 309 (5th Cir. 2006); *Lewis v. U.S. Parole Com'n*, 132 Fed.Appx. 659, 660 (7th Cir. 2005). Petitioner is not entitled to habeas relief from his conviction, because there is no allegation in his petition that his remedy under Section 2255 would be inadequate or ineffective to test the legality of his amended judgment and commitment order. *See Baldwin v. United States,* 412 F. Supp. 2d 712, 716 (N.D. Ohio 2005).

Nor would Petitioner be able to invoke the "actual innocence" exception to use § 2241 to challenge the amended judgment and commitment order, because the Sixth Circuit has numerous times held that a habeas petitioner's challenge to his or her sentence cannot serve as the basis for an actual innocence claim under § 2241. *See Bannerman v. Snyder,* 325 F. 3d 722, 724 (6th Cir. 2003)*; Raymer v. Barron,* 82 Fed. Appx. 431, 432 (6th Cir. 2003); *Leon v. Hemingway,* 53 Fed. Appx. 353, 354 (6th Cir. 2002); *Henry v. Snyder,* 3 Fed.Appx. 339, 340 (6th Cir. 2001). Likewise, Petitioner's claim that the allegedly

5

defective amended judgment and commitment order deprived the Bureau of Prisons of jurisdiction over his case does not come within the actual innocence exception to § 2241. *See Faircloth v. Perez,* 27 Fed. Appx. 334, 335-36 (6th Cir. 2001).

Without any allegation that his remedy under § 2255 is inadequate or ineffective, Petitioner is not entitled to habeas relief from his criminal conviction and sentence pursuant to 28 U.S.C. § 2241. Moreover, this Court cannot construe this petition as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002); *Lewis,* 50 Fed. Appx. at 295; *Baldwin,* 412 F. Supp. 2d at 715-16.

### III. ORDER

The Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.** This dismissal is without prejudice to Petitioner filing an application in the United States Court of Appeals for the Fourth Circuit, for leave to file a second or successive motion under 28 U.S.C. § 2255. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

                                              S/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated:  November 16, 2009

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Anthony Feurtado by electronic means or U.S. Mail on November 16, 2009.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |